UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

IZAK CHALOH

               Plaintiff,

  -against-

CHRYSLER CAPITAL LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
FAIR ISAAC CORPORATION

               Defendants.
───────────────────────────────X

Case No.   **1:25-cv-01675**

**COMPLAINT**

Plaintiff IZAK CHALOH, by his attorney, Diana Rubin, Esq., alleges against Defendants EXPERIAN INFORMATION SOLUTIONS, INC., FAIR ISAAC CORPORATION upon information and belief, as follows:

### **PARTIES**

1. Plaintiff IZAK CHALOH ("Plaintiff" or "Izak") is a natural individual residing in the State of New York.

2. Defendant CHRYSLER CAPITAL LLC ("Chrysler") is a limited liability company with its principal place of business in Texas and it provides automobile leasing and financing services.

3. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a credit reporting agency that is incorporated in the State of California. Experian is engaged in the business of collecting, maintaining, and disseminating consumer credit information.

4. Defendant FAIR ISAAC CORPORATION ("Fico") is a credit reporting agency that is incorporated in the State of Montana. Fico is engaged in the business of collecting, maintaining, and disseminating consumer credit information.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Additionally, this court has jurisdiction under 15 U.S.C. § 1681.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendants transact business within this jurisdiction.

## FACTUAL ALLEGATIONS

7. At a time prior to the commencement of this action, Plaintiff entered into a lease agreement with Chrysler (the "Lease Agreement") to lease a Dodge Charger (the "Vehicle").

8. Upon entering the Lease Agreement, Plaintiff has been continuously and diligently making all payments and paying all fees to Chrysler in connection thereto, without any defaults.

9. On or about October 10, 2023 the Vehicle was stolen from Plaintiff, and Plaintiff subsequently reported the theft to his insurance company. The insurance company paid the outstanding balance to Chrysler, thereby settling the lease. As a result, the Lease Agreement between Plaintiff and Chrysler was terminated. As of the date of the Lease Agreement termination, Plaintiff did not have any financial obligations before Chrysler in connection with the Vehicle/Lease Agreement.

10. Despite the fact that any and all obligations Plaintiff had before Chrysler were settled, Chrysler improperly, maliciously, and/or willfully reported/disseminated this event to credit agencies as an "early termination" without indicating that the early termination was "fully settled," a designation that would have clarified that the lease termination was due to the Vehicle being stolen and fully compensated by the insurance company.

11. Experian subsequently and improperly, maliciously, and/or willfully reported and/or disseminated Plaintiff's account as delinquent for 30 days and 60 days to financial institutions providing financial services to Plaintiff.

12. Fico subsequently and improperly, maliciously, and/or willfully reduced Plaintiff's credit score and reported and/or disseminated this information to financial institutions providing financial services to Plaintiff.

13. The inaccurate or misleading information improperly, maliciously, and/or willfully provided/disseminated by Chrysler, Experian, and Fico—including the failure to designate the lease termination as "fully settled," the false reporting of delinquency, and the unjustified reduction of Plaintiff's credit score—shall hereinafter be referred to as "False Information."

14. Plaintiff on numerous occasions disputed Chrysler's, Experian's and Fico's reporting/findings, to no avail.

15. As a result of Defendants' incorrect reporting/findings Plaintiff's credit line with its creditors /financial institution providing financial services to Plaintiff was substantially reduced and/or terminated.

16. Furthermore, as a direct and proximate result of the improper credit reporting and scoring, Plaintiff experienced significant harm, including but not limited to: a. American Express

materially reducing Plaintiff's credit line (from $80,000 to mere $2,000); b. Chase Bank terminating Plaintiff's credit card/credit line; c. a severe reduction in Plaintiff's purchasing ability.

17. Plaintiff has expeditiously engaged in reasonable attempts to resolve these issues with Chrysler, Experian, and Fico, by providing sufficient information regarding the stolen Vehicle, the lease, insurance payout, to no avail.

18. The Defendants acted recklessly, maliciously, and/or intentionally by publishing and disseminating false and inaccurate information regarding the Plaintiff, with a reckless disregard for the truth of the matters reported.

19. As a result of the Defendants' publication of such false and inaccurate information, the Plaintiff has suffered significant damage to his personal and consumer reputation.

20. Despite being notified of the false reporting, the Defendants continued to issue and/or publish reports containing erroneous, inaccurate, and false information about the Plaintiff to various financial institutions. Each Defendant knew, or should have known, that their reporting and actions would harm the Plaintiff, impeding his ability to live a normal life and to fully utilize his credit rating and the property rights associated with his reputation, which he had secured through the responsible fulfillment of his obligations to creditors.

21. The Defendants owed a duty of reasonable care to the Plaintiff. However, they failed to exercise such care and prudence in their reporting, re-reporting, handling, and reinvestigation of data concerning the Plaintiff, all of which are the subject of this lawsuit.

22. This failure resulted in damage to the Plaintiff. By negligently impairing the Plaintiff's credit rating and property rights in his credit reputation, the Defendants caused further harm.

Alternatively, the Defendants acted with willful intent to injure or maliciously harm the Plaintiff's rights in his credit reports, reputation, and standing within the community.

23. The Defendants recklessly, maliciously, and/or intentionally disseminated false and inaccurate information concerning the Plaintiff with a flagrant disregard for the truth of the matters asserted.

24. The Defendants are liable to the Plaintiff for all actual, statutory, and punitive damages awarded in this case, as well as for any other claims and demands asserted herein. This includes, but is not limited to, out-of-pocket expenses, credit denials, costs and time spent repairing the Plaintiff's credit, lost economic opportunities, loss of incidental time, attorney fees, court costs, and any other assessments as authorized by law. As a result of the Defendants' actions, the Plaintiff has been harmed, and hereby demands statutory, compensatory and punitive damages in an amount to be determined at trial, against each Defendant individually and severally.

25. As a result of the foregoing, Plaintiff sustained financial damages the exact amount of which will be determined at trial, but in no event less than $150,000.00.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act (against all Defendants)**

26. Plaintiff restates and re-alleges all prior paragraphs as if fully stated herein.

27. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., imposes duties upon furnishers of credit information, such as Defendant Chrysler, and upon credit reporting agencies ("CRAs"), such as Defendants Experian and Fico, to ensure the accuracy, fairness, and privacy of consumer credit information.

28. Pursuant to 15 U.S.C. § 1681s-2(a), information furnishers, including Chrysler, are required to provide accurate and complete information to CRAs regarding a consumer's credit history and obligations.

29. 15 U.S.C. § 1681e(b) requires CRAs such as Experian and FICO to follow reasonable procedures to assure maximum possible accuracy of the information contained in a consumer's credit report. Despite Plaintiff's repeated notifications and disputes regarding the inaccurate reporting of the lease termination, Experian and FICO failed to conduct a reasonable reinvestigation into the matter, in violation of their duties under the FCRA. Both agencies continued to report the erroneous information without making necessary corrections or verifying the accuracy of the information provided by Chrysler. Instead of conducting a thorough and reasonable investigation into the Plaintiff's dispute, the CRAs merely relied on the inaccurate information provided by Chrysler and they had fabricated late payments.

30. Experian and Fico were obligated under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of the information they report. By failing to investigate the dispute properly or correct the misreported information, the CRAs allowed inaccurate and misleading data to remain on the Plaintiff's credit reports, which caused substantial harm to the Plaintiff's creditworthiness and financial reputation, despite Plaintiff's systematic and continuous complaints/protests. This failure to act in accordance with the standards set forth by the FCRA has resulted in the continued harm and financial damages to the Plaintiff.

31. Despite the Plaintiff's ongoing efforts to resolve the inaccurate credit reporting, Experian and Fico did not take appropriate steps to remove the erroneous information or provide any

substantial response. Their failure to rectify the inaccuracy, even after being made aware of the dispute, constitutes willful and negligent noncompliance with the FCRA. As a result, the Plaintiff was denied opportunities for credit, suffered higher interest rates, and endured significant emotional distress.

32. Plaintiff disputed the inaccurate reporting with Chrysler, Experian, and Fico on multiple occasions. Despite this, Chrysler refused to correct the reporting, and Experian and Fico continued to report the erroneous information about the Plaintiff, as set forth above.

33. As a result of Chrysler's misreporting and the CRAs' failure to correct the inaccuracy, Plaintiff suffered substantial financial damages.

34. Plaintiff made multiple attempts to mitigate damages by contacting financial institutions to explain the reporting error, but those efforts were unsuccessful due to the continued presence of the inaccurate credit reporting/information.

35. As a result, Plaintiff sustained financial damages the exact amount of which will be determined at trial, but in no event less than $150,000.00.

## AS FOR A SECOND CAUSE OF ACTION
**Negligence (against all Defendants)**

36. Plaintiff restates and re-alleges all prior paragraphs as if fully stated herein.

37. Chrysler, Experian, and Fico each owed Plaintiff a duty of care to accurately report, maintain, and process Plaintiff's credit information in accordance with industry standards and practices.

38. Chrysler owed Plaintiff a duty to accurately report the status of Plaintiff's lease termination, including properly designating it as "fully settled"; Experian, as a credit reporting agency, owed Plaintiff a duty to maintain accurate credit information, to reasonably investigate

disputes, to correct inaccurate information and to generate factually accurate reports; and Fico owed Plaintiff a duty to utilize accurate information when calculating Plaintiff's credit scores and to appropriately adjust such calculations when provided with corrected information.

39. Each Defendant breached their respective duties of care: a. Chrysler negligently reported the lease termination as an "early termination" without indicating it was "fully settled," despite knowing the lease was terminated due to theft and fully compensated by insurance; b. Experian negligently failed to conduct reasonable investigations of Plaintiff's disputes and failed to correct the inaccurate information despite being provided with sufficient evidence regarding the nature of the lease termination, and maliciously disseminated the incorrect information about the Plaintiff; and c. FICO negligently failed to adjust Plaintiff's credit score calculations after being notified of the inaccurate reporting and the true nature of the lease termination.

40. A reasonable entity in each Defendant's position, exercising ordinary care, would have taken appropriate measures to ensure the accuracy of Plaintiff's credit information and to correct inaccuracies when brought to their attention.

41. The negligent actions and omissions of all Defendants were foreseeable to cause harm to Plaintiff's credit standing and financial interests.

42. Plaintiff has made reasonable efforts to mitigate these damages by providing sufficient information to all Defendants regarding the Vehicle, the lease termination, and insurance payout, but these efforts have been unsuccessful due to Defendants' continued negligence in

failing to correct the inaccurate information and/or maliciously disseminating false information about the Plaintiff.

43. By virtue of the foregoing, Defendants are liable to Plaintiff under negligence theory, in an amount to be proved at trial, but which under no circumstances is less than $150,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

### Defamation (against all Defendants)

44. Plaintiff restates and re-alleges all prior paragraphs as if fully stated herein.

45. Chrysler, Experian, and Fico published false statements about Plaintiff to third parties by, inter alia, reporting and maintaining in their respective systems that Plaintiff's vehicle lease was terminated early without indicating that it was "fully settled" due to theft and insurance payout and/or by disseminating the false information about the Plaintiff to the financial institutions providing financial services to Plaintiff.

46. Specifically, Chrysler improperly, maliciously, and/or willfully reported/disseminated to credit reporting agencies indicating that Plaintiff was responsible for an early lease termination without clarifying that this termination resulted from theft and was fully settled by insurance; Experian improperly, maliciously, and/or willfully reported/disseminated this false information to various financial institutions and other users of its credit reporting services; and FICO improperly, maliciously, and/or willfully incorporated and furthered the dissemination of this false information through its credit scoring algorithms and reports provided to financial institutions.

47. These statements were false because Plaintiff's lease obligations were fully satisfied through insurance payout following the theft of the Vehicle, and Plaintiff had no outstanding financial obligations to Chrysler at the time of termination.

48. The false statements were made with knowledge of their falsity or with reckless disregard for the truth.

49. The false statements were defamatory per se because they impugned Plaintiff's creditworthiness, financial responsibility, and business reputation.

50. Defendants published these statements to third parties, including American Express, Chase Bank, among others.

51. As a direct and proximate result of these defamatory statements, Plaintiff has suffered/ continues to suffer substantial harm to his reputation and creditworthiness including: a. Denial of credit and reduction of existing credit lines; and b. Damage to his professional reputation.

52. As a result of Defendants' defamatory statements, Plaintiff has sustained financial damages, the exact amount of which will be determined at trial, but in no event less than $150,000.00.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Libel (against all Defendants)

53. Plaintiff restates and re-alleges all prior paragraphs as if fully stated herein.

54. Chrysler, Experian, and FICO published written false statements about Plaintiff by improperly, maliciously, and/or willfully recording, maintaining, and disseminating written reports and electronic records indicating that the Lease Agreement was terminated early without proper designation that it was "fully settled."

55. Chrysler created and improperly, maliciously, and/or willfully reported/disseminated written reports to credit reporting agencies that falsely characterized the nature of Plaintiff's lease termination; Experian improperly, maliciously, and/or willfully incorporated these false statements into written credit reports, and/or improperly, maliciously, and/or willfully reported/disseminated to various financial institutions and businesses providing financial services to Plaintiff; and FICO improperly, maliciously, and/or willfully incorporated these false statements into written credit score reports and analyses provided to financial institutions providing financial services to Plaintiff.

56. These written statements were false for the reasons stated above.

57. The false written statements were libelous per se because they directly injured Plaintiff by suggesting financial irresponsibility and untrustworthiness, qualities particularly damaging to an individual seeking to obtain credit/loans from financial institutions.

58. As a direct and proximate result of these libelous statements, Plaintiff suffered financial damages, the exact amount of which will be determined at trial, but in no event less than $150,000.00

**AS FOR A FIFTH CAUSE OF ACTION**
**Injunction (against all Defendants)**

59. Plaintiff restates and re-alleges all prior paragraphs as if fully stated herein.

60. As was stated above, Plaintiff is suffering ongoing and irreparable harm due to Defendants' continued improper, malicious, and/or willful reporting, maintenance, and dissemination of inaccurate information regarding the termination of the Lease Agreement.

61. This inaccurate information continues to severely impair Plaintiff's credit standing.

62. Plaintiff has no adequate remedy at law because monetary damages alone cannot fully address the ongoing harm to Plaintiff's credit rating and reputation. In addition, continued dissemination of inaccurate information will result in unknown future denials of credit/line(s) of credit, that cannot be quantified with certainty at the time of the instant action. Additionally, Plaintiff's personal needs require immediate access to credit and financing, and delays in correcting the information will result in irreparable harm to Plaintiff's ability to meet these personal needs.

63. Unless enjoined by this Court, Defendants' ongoing wrongful reporting will cause Plaintiff irreparable harm for which monetary damages alone are inadequate. Plaintiff has suffered and will continue to suffer ongoing financial and reputational damages due to the false reporting, making injunctive relief necessary.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendants as follows:

(a) On the FIRST CAUSE OF ACTION for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., against all Defendants - a. Compensatory damages in an amount to be determined at trial, but in no event less than $150,000.00; b. Punitive damages in an amount to be determined at trial due to Defendants' knowing or reckless conduct; c. Attorneys' fees;

(b) On the SECOND CAUSE OF ACTION for negligence against all Defendants, monetary damages in an amount to be determined at trial, but in no event less than $150,000.00;

(c) On the THIRD CAUSE OF ACTION for defamation against all Defendants: a. Compensatory damages in an amount to be determined at trial, but in no event less than $150,000.00; b. Punitive damages in an amount to be determined at trial due to Defendants' knowing or reckless conduct; c. Attorneys' fees;

(d) On the FOURTH CAUSE OF ACTION for libel against all Defendants: a. Compensatory damages in an amount to be determined at trial, but in no event less than $150,000.00; b. Punitive damages in an amount to be determined at trial due to Defendants' knowing or reckless conduct; c. Attorneys' fees;

(e) On the FIFTH CAUSE OF ACTION for injunctive relief against all Defendants: a. A temporary restraining order requiring Defendants to immediately: (i) Remove the inaccurate reporting of the early lease termination from Plaintiff's credit reports; (ii) Correct all records to reflect that the lease termination was "fully settled" due to theft and insurance payout; and (iii) Recalculate Plaintiff's credit score based on the corrected information; b. A preliminary injunction maintaining these corrections during the pendency of this action; c. A permanent injunction requiring Defendants to: i. Maintain the accurate information regarding Plaintiff's lease termination in all credit reports and scoring systems; and ii. Notify all third parties who have received Plaintiff's credit information in the past two years of the corrections made;

(f) Costs and disbursements of this action; and

(g) Such other and further relief as this Court deems just and proper.

Dated: Manhasset, New York
      March 21, 2025                       By: _____
                                         **The Law Office of Diana Rubin**
                                         *Diana Rubin Esq.*
                                         *Attorney for Plaintiff*
                                         IZAK CHALOH
                                         1129 Northern Blvd, Suite 404
                                         Manhasset, NY 11030
                                         Tel (212) 603-9334
                                         Fax (516) 272-4171